FILED
United States Court of Appeals
Tenth Circuit

October 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EARL CROWNHART,

        Plaintiff–Appellant,

v.

GARY SULLIVAN;
SGT. BLATTNER; SGT. LOYD;
SGT. CEDENA; LARRY REID;
SGT. KAUFFMAN,

        Defendants–Appellees.

No. 08-1483
(D.C. No. 1:08-CV-02009-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

Earl Crownhart, a Colorado state prisoner proceeding pro se, filed a 42

U.S.C. § 1983 action alleging that defendant warden and prison guards violated

several of his constitutional rights. The district court dismissed the action as

frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and denied Crownhart's motion to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed on appeal in forma pauperis ("IFP"). For substantially the same reasons stated by the district court, we conclude that both Crownhart's claims and this appeal are frivolous. Exercising jurisdiction under § 1291, we dismiss this appeal, deny Crownhart's IFP motion, and assess two strikes under § 1915(g).

## I

After reviewing Crownhart's complaint under the screening function set forth in § 1915A(a), a magistrate judge ordered Crownhart to file an amended complaint explaining who personally participated in each alleged constitutional deprivation, what each defendant did to him and when, how the actions harmed him, and what specific legal rights he believed defendants violated. The magistrate judge warned Crownhart that failing to comply with the order could result in dismissal.

Crownhart timely filed an amended complaint setting forth three claims for relief. In his first claim, Crownhart alleged that defendant Sullivan violated his Eighth Amendment rights by verbally harassing him and by attempting to place him in a seating area in the prison chow hall where he could have been injured by other inmates, and that defendants Blattner and Loyd violated his due process rights because they were aware of and acquiesced in Sullivan's acts. In his second claim, Crownhart alleged that defendant Cedena violated his First Amendment rights by crossing out the zip code on a letter he mailed and by opening legal mail without his permission, and that defendant Reid failed to

investigate the latter incident. Lastly, Crownhart alleged that defendant Kauffman violated his Eighth Amendment rights by staring at him for five minutes while he was tied down in his bed with his legs spread apart, wearing only boxer shorts and a "croch [sic] strap."

The district court dismissed each of Crownhart's claims. As to the first, the court held that Crownhart's allegations failed to state an Eighth Amendment claim because he did not allege physical injury, his assertion that Sullivan's actions put him at risk of serious bodily injury was conclusory and vague, and there was no support for his contention that Sullivan used excessive force. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9 (1992) (requiring "extreme deprivations" for viable conditions of confinement claim); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (recognizing that "verbal threats and harassment" are generally "excluded from the cruel and unusual punishment inquiry"). The court did not discuss the due process claim against Blattner and Loyd.

With respect to Crownhart's second claim, the district court determined that crossing out a zip code did not rise to the level of a constitutional deprivation because the mail was not opened. As to the legal mail that defendant Cedena allegedly opened, the court noted Crownhart's admissions that he sustained no harm and that the incident was isolated. The court accordingly concluded that the

incident fell short of a constitutional violation. It did not discuss the failure-to-investigate claim against Cedena and Reid.

Finally, the court dismissed the third claim because Crownhart did not allege that Kauffman approached him or made any statements to him of a sexual nature and because Crownhart conceded that Kauffman was conducting a welfare check. Accordingly, the court ruled, Kauffman's alleged conduct was not objectively severe enough to constitute an Eighth Amendment violation. See Hudson, 503 U.S. at 8-9. Based on these determinations, the district court dismissed Crownhart's amended complaint as frivolous under § 1915(e)(2)(B)(i). This appeal followed.

## II

A claim is frivolous under § 1915 if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion." Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). However, if a "frivolousness determination turns on an issue of law," our review is de novo. Id. Courts are not required to accept all factual allegations as true in reviewing a complaint under § 1915, but our assessment of the allegations "must be weighted in favor of the plaintiff." See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

On appeal, Crownhart presents no cognizable argument that the district court erred. Even taking into account his pro se status and the liberal reading to

which his filings are entitled, see Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008), Crownhart provides us with no basis to reverse. Therefore, for substantially the same reasons stated by the district court, we conclude that Crownhart's claims, as well as this appeal, are frivolous under § 1915(e)(2)(B)(i).[1]

Accordingly, we dismiss this appeal and assess two strikes under § 1915(g). See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). We remind Crownhart that if he accrues three strikes, he may no longer proceed IFP in any civil action filed in federal court unless he is in imminent danger of physical injury. § 1915(g). We further deny Crownhart's motion to proceed IFP on appeal, see McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997), and direct him to make full payment of the $455.00 appellate filing fee immediately. Crownhart's motion to compel a response is denied.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] As noted above, the district court did not directly address Crownhart's allegation that Blattner and Loyd violated his due process rights by failing to stop Sullivan's actions in the chow hall or Crownhart's allegation that Cedena and Reid failed to investigate the opening of his legal mail. Because the underlying claims against Sullivan and Cedena are frivolous, we conclude that so too are the related claims against Blattner, Loyd, Cedena, and Reid.

-5-